UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22683-COOKE/BANDSTRA

FREDONNA JONES,

    *Plaintiff*,

v.

FLORIDA POWER & LIGHT
COMPANY,

    *Defendant*.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before me on Defendant Florida Power & Light's ("FPL") Motion to Dismiss for Failure to State a Claim [D.E. 4], Plaintiff's Response and Opposition [D.E. 6], and Defendant's Reply [D.E. 7]. For the reasons that follow, Defendant's motion is denied.

### I. BACKGROUND

Plaintiff filed a four count Complaint [D.E. 1] seeking damages arising from Defendant's alleged violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, the Americans with Disabilities Act ("ADA"), Pub. L. No. 101-336, 104 Stat. 328 (codified as amended in scattered sections of 42 U.S.C.), and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.01-760.11.

Plaintiff states that she was employed for 27 years by Defendant beginning in 1980. (Compl. ¶¶ 3, 9). In the course of performing her work as a telephone customer relations representative, her most recent position with FPL, Plaintiff received a phone call alerting her to a

bomb threat, which Plaintiff believed affected the facility where she worked.  (Compl. ¶ 11).  Thereafter, Plaintiff was diagnosed with Post Traumatic Stress Disorder ("PTSD"), a condition that subsequently caused her to become unable to continue to perform her regular job functions.  (Compl. ¶ 12).

Defendant notified Plaintiff that she had the right to request accommodation by applying for a different position within the Company which she believed she could perform.  (Compl. ¶ 12).  Within 45 days of receiving such notice, Plaintiff applied for three other positions within the Company, which she felt she was well qualified for due to her experience.  (Compl. ¶ 13).  Without explanation, Plaintiff was not selected for any of these positions.  (*Id.*)  Plaintiff avers that at least one of these positions was filled by newcomers under the age of thirty, and that she was wrongfully denied all the positions due to her age (over 50 years old at the time) and disability.  (Compl. ¶ 14).

## II. STANDARD OF LAW

In a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the Plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  To survive a motion to dismiss, a complaint must plead enough factual matter that, if taken as true, suggests that the elements of the cause of action will be met.

*Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007). Thus, the well-pleaded factual allegations must be taken as true, and the alleged facts must suggest the required elements of the causes of action on which Plaintiff can recover.

### III. ANALYSIS

Defendant moves for dismissal of the Complaint in its entirety for failure to state a claim upon which relief may be granted. Specifically, Defendant argues that the Complaint constitutes a shotgun pleading, or alternatively, that the Complaint fails to establish a prima facie case of either age or disability discrimination. I will address each argument in turn.

*A. The Complaint is Not a Shotgun Pleading*

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief". A shotgun pleading violates Rule 8(a)(2) in that it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Comty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Defendant avers that the Complaint is a shotgun pleading because it reincorporates the general allegations contained in paragraphs 1 through 22 in each of the four counts pleaded. I disagree.

There is nothing in the Complaint that would cause Defendant to have to exercise undue effort to ascertain the grounds for the claims pled. Plaintiff has quite clearly stated facts that, taken as true, would support her claim that Defendant wrongfully looked her over for job positions due to her age and/or her disability. The instant Complaint is unlike complaints which this Circuit has characterized as shotgun pleadings due to the presence of factual allegations that could not possibly support specific counts, prolix recitations of immaterial facts, and the

reincorporation of paragraphs supporting specific counts in subsequent counts. *See, e.g. Muglata v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (finding a 58-page complaint to be a shotgun pleading where it made no distinction among fourteen defendants charged, and it incorporated 146 paragraphs of general factual allegations in each count, as well as incorporating allegations contained in each count in all subsequent counts). Here, each of the four counts of the Complaint incorporates 22 paragraphs of general allegations, thirteen of which comprise the facts making up the thrust of the Complaint. The various counts are kept separate from each other, clearly labeled, and the elements of each count are addressed in a relatively straightforward manner. The fact that each Count incorporates the general factual allegations is appropriate and unsurprising given the fact that the theories alleged are similar in nature.

In sum, I cannot agree that the Complaint constitutes a shotgun pleading, and I decline to dismiss it on that ground.

*B. The Complaint Establishes a Prima Facie Case of Disability Discrimination*

Under the Americans with Disabilities Act (ADA), an employer is prohibited from discriminating against "a qualified individual with a disability." 42 U.S.C. § 12112(a). A plaintiff bringing a claim under the ADA must establish a prima facie case of discrimination by showing that: (1) she is disabled; (2) she was a "qualified individual" at the relevant time; and (3) she was discriminated against because of her disability. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). The Florida Civil Rights Act of 1992 (FCRA) also protects employees from discrimination based on disability. In doing so, Florida courts have construed the FCRA in conformity with the ADA. *Wimberly v. Sec. Tech. Group*, 866 So.2d 146, 147 (Fla. 4th DCA 2004).

Defendant argues that Plaintiff's claims of disability discrimination under the ADA and FCRA must be dismissed because Plaintiff failed to properly allege that she is disabled.  On this motion to dismiss for failure to state a claim, the Court is only concerned with whether the Plaintiff has pled facts sufficient to suggest that the elements of the causes of action alleged will be met.  Here, Plaintiff has met her pleading burden under the ADA.  The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual," 42 U.S.C. § 12102(1)(A), or "being regarded as having such an impairment," 42 U.S.C. § 12102(1)(C).  By alleging that she had been diagnosed with PTSD (Compl. ¶ 11), that she was unable to continue her work as a result of her condition (Compl. ¶ 12), and that Defendant terminated her due to her disability or *perceived* disability (Compl. ¶ 43), Plaintiff has properly pled that she is disabled under the ADA.[1]  *See D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1226 (11th Cir. 2005) (stating that an inability to work has been "consistently treated as a major life activity" by the Eleventh Circuit).

Defendant also asks this Court to dismiss the claim of disability discrimination because Plaintiff has not properly alleged that she requested accommodation from her employer, or that she was able to perform the essential job functions of the jobs she applied for.  Under the ADA, an employer unlawfully discriminates against a qualified individual on the basis of disability by, among other things, failing to make "reasonable accommodations" for the disability.  42 U.S.C. § 12112(b)(5)(A).  "Reassignment to a vacant position" is considered a reasonable

---

[1] Defendant also seems to argue that Plaintiff has failed to allege that her disability *substantially limited* a major life activity.  (Def.'s Mot. To Dismiss. 10).  Whether the limitation was substantial or not is a matter more properly addressed at a motion for summary judgment. At this stage, Plaintiff has sufficiently alleged facts suggesting that she was substantially limited by her condition.

accommodation. 42 U.S.C. § 12111(9)(B). By alleging that she applied for three vacant positions with Defendant, which she was well-qualified for and able to perform (Compl. ¶ 13), Plaintiff has met her pleading burden. Accordingly, I find that Plaintiff's claim of disability discrimination survives this motion to dismiss.

C. *The Complaint Establishes a Prima Facie Case of Age Discrimination*

Under the ADEA and FCRA, a plaintiff makes out a prima facie case of age discrimination through circumstantial evidence by alleging: "(1) that she was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject to adverse employment action; (3) that a substantially younger person filled the position that she sought or from which she was discharged; and (4) that she was qualified to do the job for which she was rejected." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999). Defendant argues that Plaintiff has failed to meet her pleading burden because she has not sufficiently alleged that she was qualified to do the job for which she was rejected. (Def.'s Mot. to Dismiss 12). I disagree. Paragraph 13 of Plaintiff's Complaint clearly alleges that Plaintiff was qualified for the three positions that she applied for due to her prior experience with the Company.

Defendant additionally asserts that Plaintiff's claim must fail because she was unable to perform her job as a Customer Service Representative, and thus she cannot possibly allege that she was qualified for that position. (Def.'s Mot. to Dismiss 12). This argument is misplaced because Plaintiff's age discrimination claim is aimed at the Company's failure to hire her for any of the three vacant positions for which she applied. The thrust of Plaintiff's claim of age discrimination is that she was terminated only because Defendant wrongfully refused to hire her

for any of the three vacant positions that she sought and hired younger, less qualified individuals instead. This theory satisfies Plaintiff's burden at this stage of the case. Accordingly, I find that Plaintiff's claim of age discrimination withstands this motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, I **ORDER and ADJUDGE** that Defendant's Motion to Dismiss [D.E. 4] is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 28th day of April 2010.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

cc:

The Honorable Ted E. Bandstra

All counsel of record